## J. P. Zimmermann v. S. E. Owen.

### Decided December 10, 1903.

**Promissory Notes—Foreclosure of Vendor's Lien—Warranty.**

The last two of the promissory notes executed in a land purchase stipulated the obligation to pay as dependent upon the vendor being able to make a good and sufficient title to the whole of the land at the time they should mature, the warranty in the deed reciting its application to the whole of the land in that event, or to but an undivided half interest in the alternative event. This stipulation in the notes and the warranty having failed, the trial court in an action on the notes, and to foreclose vendor's lien on the land, properly rendered judgment for the defendant.

Appeal from the District Court of Lavaca. Tried below before Hon. M. Kennon.

*H. B. Leonard* and *C. J. Gray,* for appellant.

*Geo. N. Denton,* for appellee.

GARRETT, Chief Justice.—This was an action brought by J. P. Zimmermann against S. E. Owen to recover upon two promissory notes which were alleged to be a vendor's lien upon land, and a foreclosure was sought. A trial to the court without a jury resulted in a judgment in favor of the defendant.

The facts were that on January 7, 1901, the plaintiff conveyed to the defendant a tract of 161½ acres of land situated in Jones County for a consideration of $518.75 cash and three promissory notes for $500 each, due one, two and three years after that date, with 10 per cent interest payable annually, the whole series to mature in case of default on one, and 10 per cent on the amount of principal and interest as an attorney fee in case of suit. The land is described in the petition. The note first due was paid at maturity, but the defendant refused payment of the second. Each of the second and third notes contained the stipulation that its payment was conditional on the stipulations set forth in the deed, and the deed contained the following provision: "It is specially understood and agreed by the parties hereto that neither of the last two notes above described or any part thereof is to be paid until it shall be definitely ascertained whether or not the said J. P. Zimmermann hereby conveys a good and sufficient title to the whole of said tract of land, it being uncertain at this time whether or not the said J. P. Zimmermann has a legal right to convey the whole or only an undivided one-half of said tract of land. The general warranty clause shall apply to only one-half or to the whole of said land as the facts may show that he has the legal right to convey, that is, if he has the legal right to convey the whole, then the warranty extends to the whole, if only one-half, then the warranty extends to one-half."

About twenty-five years before the date of the trial below the plaintiff and a woman afterwards known as Mollie Zimmermann met and began

to live together in a state of concubinage under an agreement that the relationship should continue as long as she remained true to him. It continued for fifteen years, or until September, 1892, when they separated, the woman then leaving the plaintiff for another man. They held themselves out to the public while they lived together as husband and wife. During the time that they so lived together the land in question was bought by the plaintiff for $800 in cash, paid as he testified out of his own money. The deed was taken to him and the legal title is in him. When the plaintiff and the woman commenced living together they had practically no property. The defendant is in undisturbed possession of the land. The last the plaintiff ever heard of Mollie Zimmermann was in November, 1892, when he received a letter from her mailed at Brule, Wisconsin, asking him for $25, which he said he owed her, and which he testified he then sent her. The stipulation was made in the deed with reference to any claim that Mollie Zimmermann might assert, it having been called to the attention of the defendant that plaintiff had a wife who it was said should join in the deed.

Mollie Zimmermann is not a party to this suit and would not be bound by a judgment decreeing the full title to the land to be in the plaintiff. Any equitable interest that she might have could be shown in a subsequent suit by herself, or her heirs if she were dead, for the defendant stands charged by the deed with notice that it was uncertain whether or not Zimmerman had the legal right to convey more than a half interest. He contracted that the notes sued on were not to be paid until it should be definitely ascertained whether he had conveyed a good and sufficient title. It was incumbent on him to show that the title was clear. He clouded it by his own act, and made his recovery upon the notes conditioned on his removing the cloud. But the title remains in the same condition that it was when he sold the land and he has not shown himself entitled to recover. There was no error in the conclusion of the trial court that the burden was on him to clear off the cloud. The woman may have equitable rights arising out of the investment of her own money in the purchase of the land, and they would not be concluded by a judgment to which she was not a party.

None of the assignments of error points out any reason for the reversal of the judgment. The plaintiff having failed to clear the title the defendant was entitled to a rescission, and a cancellation of the notes which required a restoration of the one-half interest to the plaintiff and judgment was properly rendered therefor in his favor. The judgment will be affirmed.

*Affirmed.*